**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JERRY LEE MAYS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-0241-CVE-FHM** |
| | ) | |
| **TULSA COUNTY PUBLIC DEFENDER'S** | ) | |
| **OFFICE; RICHARD WILLIAM COUCH,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**OPINION AND ORDER**</u>

On April 23, 2009, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. # 1), a supporting brief (Dkt. # 2), and a motion to proceed *in forma pauperis* (Dkt. # 3). Plaintiff is a state inmate, in custody at Dick Conner Correctional Center ("DCCC"), Hominy, Oklahoma, and appears *pro se*. As discussed below, the Court finds Plaintiff's motion to proceed *in forma pauperis* shall be granted. Plaintiff shall be required to make an initial partial payment and, thereafter, monthly payments until the full $350 filing fee is paid. The Court further finds that the complaint shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. **A.    Motion to proceed *in forma pauperis***

After reviewing Plaintiff's motion to proceed *in forma pauperis* the Court concludes that Plaintiff is without funds in his institutional account(s) sufficient to prepay in full the filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion to proceed *in forma pauperis* shall be granted. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full **$350** filing fee as set forth hereafter.

Plaintiff shall pay an initial partial filing fee of **$68.53** which represents 20 percent of the greater of the (1) average monthly deposits, or (2) average monthly balance in Plaintiff's inmate accounts for the five-month period represented in the accounting provided by Plaintiff.[1]  28 U.S.C. §1915(b).  The Prison Litigation Reform Act of 1996 ("PLRA") requires the district court to assess and collect the $350 filing fee even when a case is dismissed before service of the summons and complaint.  See 28 U.S.C. § 1915(b)(1).  Therefore, after payment of the initial partial filing fee, Plaintiff shall continue to make monthly payments of 20 percent of the preceding month's income credited to his prison account(s) until he has paid the total filing fee of **$350**. 28 U.S.C. § 1915(b)(2). The trust fund officer or other appropriate prison official at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid.  Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff.  All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action.  The Clerk shall send a copy of this Order to prison officials at DCCC.

---

[1]Although 28 U.S.C. § 1915(b) requires a prisoner to provide his accounting information for the 6-month period immediately preceding the filing of the complaint, the accounting provided by Plaintiff in this case encompasses the 4 1/2-month period from March 3, 2008, through July 14, 2008.  The initial partial filing fee calculation is based on that period.  Also, the "Statement of Prison Account" is dated September 11, 2008. Pursuant to today's ruling, this action is dismissed. Therefore, the Court will not require Plaintiff to provide current accounting information.

2

**B.  Complaint shall be dismissed**

Pursuant to the PLRA, a district court may dismiss an action filed *in forma pauperis* "at any time" if the court determines that the action is frivolous, malicious, or fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991); Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).  Furthermore, *pro se* complaints are held to less stringent standards than pleadings drafted by lawyers and the court must construe them liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nevertheless, the court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Hall, 935 F.2d at 1110.

After liberally construing Plaintiff's *pro se* complaint, see Haines, 404 U.S. at 520-21; Hall, 935 F.2d at 1110, the Court finds that Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief may be granted.  Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), the complaint shall be dismissed without prejudice.

Plaintiff's claims relate to his conviction entered in Tulsa County District Court, Case No. CF-2004-4929.[2]  In his complaint, Plaintiff names two (2) defendants, "Tulsa Public Defender of

---

[2]In Tulsa County District Court, Case No. CF-2004-4929, Plaintiff was convicted by a jury of two counts of Shooting With Intent to Kill (Counts 1 and 4); Possession of Firearm (Count 2); and Assault and Battery (Count 3), All After Former Conviction of Two or More Felonies. The jury recommended sentences of forty (40) years imprisonment for Counts 1 and 4, thirty (30) years imprisonment for Count 2, and ninety (90) days imprisonment and a $1,000 fine for Count 3. The trial court sentenced Plaintiff in accordance with the jury's recommendation and ordered the sentences to be served consecutive to each other, but concurrent with sentences entered in other cases. On direct appeal, in Case No. F-2005-422, the Oklahoma Court of Criminal Appeals affirmed Plaintiff's convictions and sentences on Counts 2 and 3, and affirmed the convictions on counts 1

Tulsa County," and Richard William Couch, Public Defender.  Plaintiff raises the following grounds for relief:

> Count 1:    Fundamental miscarriage of justice. Petitioner is factual [sic] innocence, has been denied his federal review.
>
> Count 2:    Ineffective assistance of trial counsel for denial of constitutional rights.

(Dkt. # 1).   As relief, Plaintiff seeks "a new trial or 7 million dollars for false arrest and conspiracy and false report file by the Tulsa Public Defender's Office, see brief, and perjured testimony." Id. In support of his claims, Plaintiff has filed a thirty (30) page brief (Dkt. # 2) containing challenges to the validity of his convictions.

**1. Public defender is not a state actor**

Plaintiff alleges that his attorney, Defendant Couch, employed by Defendant Tulsa County Public Defender's Office, violated his civil rights and that pursuant to 42 U.S.C. § 1983, Defendants are liable for those violations.  Plaintiff complains of specific actions by his attorney. See Dkt. # 2.

The relevant civil rights statute provides as follows:

> Every person who, **under color of any statute, ordinance, regulation, custom, or usage, of any State** or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added).  The emphasized language establishes that to be liable under § 1983, the defendant must have acted under color of state law (i.e., he must have been a state actor).

_____

and 4, but modified Petitioner's sentences to thirty (30) years on those counts. See www.oscn.net,

See, e.g., Jett v. Dallas Independent School District, 491 U.S. 701, 724-25 (1989); and Harris v. Champion, 51 F.3d 901, 909 (10th Cir. 1995).

Public defenders, like Defendant Couch, are not state actors within the meaning of 42 U.S.C. § 1983. According to the Tenth Circuit,

> Public Defenders, whether court appointed or privately retained, performing in the traditional role of attorney for the defendant in a criminal proceeding, are not deemed to act under color of state law; such attorneys represent their client only, not the state, and are not subject to suit in a 42 U.S.C. § 1983 action.

Lowe v. Joyce, No. 95-1248, 1995 WL 495208, at *1 (10th Cir. Aug. 21, 1995) (citing Harris v. Champion, 51 F.3d 901, 910 (10th Cir. 1995)); see also Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").

The public defenders in Harris had allegedly asked for numerous and unreasonable extensions of time to file appellate briefs on plaintiff's behalf, without considering whether the client desired the extension or whether the extension was in the client's best interest. The Tenth Circuit held that even if the public defenders' conduct was so egregious that it ultimately deprived their clients of constitutional rights, the actions were still "traditional lawyer functions." The Court went on to hold that

> even if counsel performs what would otherwise be a traditional lawyer function, such as filing an appellate brief on his or her client's behalf, so inadequately as to deprive the client of constitutional rights, defense counsel still will not be deemed to have acted under color of state law.

Harris, 51 F.3d at 910. In Briscoe v. LaHue, 460 U.S. 325, 329 n.6 (1983), the United States Supreme Court held that "even though the defective performance of defense counsel may cause the

5

trial process to deprive an accused person of his liberty in an unconstitutional manner, the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." Id.

The Court finds that the actions of Defendant Couch complained of in this case were actions taken by that Defendant in his traditional role as a defense lawyer for Plaintiff.  Defendant's actions were taken on behalf of Plaintiff, not on behalf of the state of Oklahoma.   Consequently, Defendant's conduct was not state action for purposes of 42 U.S.C. § 1983.  Plaintiff cannot, therefore, maintain an action against Defendants Couch and the Tulsa County Public Defender's Office under § 1983.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's civil rights complaint shall be dismissed with prejudice as to those Defendants for failure to state a claim upon which relief can be granted.

2.  **Request for new trial**

In addition to his request for damages, Plaintiff asserts a claim of factual innocence and requests a new trial. See Dkt. # 1. Because that relief could affect the length or duration of his confinement, the appropriate remedy is provided by the habeas corpus statutes.   Preisser v. Rodriguez, 411 U.S. 475, 487-490 (1973); Duncan v. Gunter, 15 F.3d 989 (10th Cir. 1994); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir. 1990).  Therefore, Plaintiff's remedy for seeking a new trial and raising claims challenging the validity of his state convictions would be a petition for a writ of habeas corpus under 28 U.S.C. § 2254 rather than a complaint under 42 U.S.C. § 1983.[3]

---

[3]Petitioner has filed a petition for writ of habeas corpus in this district court, N.D. Okla. Case No. 07-CV-671-GKF-PJC, challenging his convictions entered in Tulsa County District Court, Case No. CF-04-4949.  That action is presently pending.

### 3. First "prior occasion" under 28 U.S.C. § 1915(g)

Plaintiff has been granted leave to proceed *in forma pauperis*.  In addition, his complaint fails to state a claim upon which relief may be granted. As a result, the complaint shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  This dismissal shall count as Plaintiff's first "prior occasion" under 1915(g) (providing that "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury").

### ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 3) is **granted.** Plaintiff is responsible for payment of the **$350** filing fee in monthly installments.  Plaintiff shall make an initial partial payment of **$68.53**.

2. After submitting the initial partial payment, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s).  Prison officials having custody of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the address cited herein each time the amount in the account(s) exceeds $10 until the filing fee is paid.

3. Plaintiff's civil rights complaint (Dkt. # 1) is **dismissed without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

7

4.    The Clerk is directed to **flag** this dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) as Plaintiff's first "prior occasion" for purposes of 28 U.S.C. § 1915(g).

5.    The Clerk shall send a copy of this Order to prison officials at Dick Conner Correctional Center, Hominy, Oklahoma.

**DATED** this 27th day of April, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT